IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CompuZone, Inc., doing business as VapingZone, | ) ) ) | Civil Action No. 3:14-cv-04790-CMC |
| Plaintiff, | ) ) | **COMPLAINT** |
| vs. | ) ) | |
| Top Tobacco, L.P., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

Plaintiff CompuZone, Inc., doing business as VapingZone, for its Complaint against the Defendant, alleges:

## THE PARTIES

1. Plaintiff is a South Carolina corporation, doing business in, among other places, Richland County, South Carolina.

2. Top Tobacco, L.P. ("Top Tobacco") is a limited partnership organized under the laws of Delaware, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025..

## NATURE OF ACTION

3. This action arises under 15 U.S.C. § 1051 et seq. and 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §§ 1331 (federal question), 1338 (trademarks and unfair competition), and 2201 (declaratory judgments).

1

5.      The Defendant conducts and transacts business in South Carolina, contracts in South Carolina to supply goods to South Carolinians, and enters into contracts to be performed in whole or in part by either party in South Carolina, and thus confers this Court with jurisdiction over the Defendant pursuant to the South Carolina Code of Laws, including S. C. Code Ann. §§ 36-2-802 and 36-2-803.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d) in that Defendant conducts business in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

7.      Plaintiff promotes, advertises, markets, and sells to the general public high-quality electronic cigarettes and related supplies and equipment (together, "electronic cigarette products") under various marks that include VZ REAL CIG RED E-LIQUID, VZ REAL CIG LGHT E-LIQUID, and VZ REAL CIG ULTRA LIGHT E-LIQUID, which Defendant denominates to be "the VZ REAL Marks."

8.      None of Plaintiff's electronic cigarette products contain tobacco.

9.      Defendant has asserted that Plaintiff's use of "the VZ REAL Marks" "will inevitably lead consumers and other in the trade to believe" that Plaintiff's products "are made by, licensed by or somehow legitimately associated with" Defendant.

10.     Defendant has further asserted Plaintiff's use of "the VZ REAL Marks" "constitutes trademark infringement and false designation of origin under the Lanham Act and violates state and common law prohibitions against unfair competition."

11. Defendant has also asserted that Plaintiff "is therefore subject to claims for injunctive relief and damages, including possible treble damages, as well as claims for our attorneys' fees."

12. Defendant has demanded that Plaintiff "immediately and permanently cease any and all sale, distribution, or promotion of any products bearing the VZ REAL Marks, as well as any other designation containing the term REAL (or phonetic equivalent)" (parenthetical Defendant's).

13. Defendant has further demanded that Plaintiff "forward to us for destruction any products and promotional material bearing such designations."

14. Defendant has still further demanded that Plaintiff "agree to forever forbear from using or attempting to register VZ REAL or any designation containing the term REAL (or its phonetic equivalent) as or as part of a trademark, service mark, trade name, domain name, or social media page name" (parenthetical Defendant's).

15. Defendant has asserted that Plaintiff's use of "the VZ REAL Marks" infringes Defendant's trademark, including U. S. Reg. No. 4,035,297, the goods listed for which registration are limited to "tobacco" though tobacco is not promoted, advertised, marketed, or sold by Plaintiff.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment for Non-Infringement of Trademark)

16. The allegations of paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Under all the circumstances, there is an actual and substantial controversy between Plaintiff and Defendant, Plaintiff and Defendant having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18. Plaintiff seeks a declaratory judgment from this Court that:

   a. Plaintiff's use of "the VZ REAL Marks" is not confusingly similar to Defendant's trademark; and

   b. Plaintiff's use of "the VZ REAL Marks" is not likely to confuse consumers as to affiliation, connection, or association of Plaintiff's products with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's products; and

   c. Plaintiff's use of "the VZ REAL Marks" does not create a likelihood that consumers and retailers will believe Plaintiff's goods are made by, licensed by, or somehow legitimately associated with Defendant; and

   d. Plaintiff has not infringed any trademarks owned by Defendant; and

   e. Plaintiff's products are not likely to cause confusion, to cause mistake, or to deceive the consuming public; and

   f. Plaintiff's has not committed trademark infringement or false designation of origin under the Lanham Act, nor violated state and common law prohibitions against unfair competition; and

   g. Plaintiff has not traded on goodwill associated with Defendant's trademarks; and

   h. Plaintiff has not caused any actionable damage to the Defendant; and

    i.    Plaintiff has not engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Plaintiff's goods, or an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a); and

    j.    Plaintiff is not passing off its goods as those of Defendant, or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, or causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, or otherwise damaging the public; and

    k.    Plaintiff is not subject to claims for injunctive relief and damages, including possible treble damages, as well as claims for Defendant's attorneys' fees; and

    l.    Plaintiff need not immediately nor permanently cease any and all sale, distribution, or promotion of any products bearing "the VZ REAL Marks," as well as any other designation containing the term REAL (or phonetic equivalent)" (parenthetical from Defendant).

    m.    Plaintiff need not forward to Defendant for destruction any products and promotional material bearing "the VZ REAL Marks"; and

    n.    Plaintiff need not forbear from using or attempting to register VZ REAL or any designation containing the term REAL (or its phonetic equivalent) as

        or as part of a trademark, service mark, trade name, domain name, or social media page name; and

  o.    Plaintiff has not engaged in unfair or deceptive trade practices as to the Defendant; and

  p.    Plaintiff has not engaged in unfair competition with the Defendant; and

  q.    Plaintiff's actions have not diluted Defendant's marks.

## **SECOND CAUSE OF ACTION**

### **(Cancellation of Trademark Registration)**

19.    The allegations of paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

20.    The term "Real" is descriptive for, and lacks trademark functionality as to, tobacco.

21.    The term "Real" is descriptive for, and lacks trademark functionality as to, Plaintiff's electronic cigarette products.

22.    Defendant's alleged mark "Real" has not acquired distinctiveness, either for tobacco goods or for electronic cigarette products.

23.    It would be inequitable to allow Defendant to reap the benefit of excluding Plaintiff, along with countless others, from using the term "Real."

24.    By virtue of the foregoing, U. S. Reg. No. 4,035,297 is void and must be cancelled.

25.    By virtue of the foregoing, Respondent's registration should be cancelled pursuant to 15 U.S.C. § 1064 and such other authorities made and provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

a. For a declaratory judgment that:

   i. Plaintiff's use of "the VZ REAL Marks" is not confusingly similar to Defendant's trademark; and

   ii. Plaintiff's use of "the VZ REAL Marks" is not likely to confuse consumers as to affiliation, connection, or association of Plaintiff's products with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's products; and

   iii. Plaintiff's use of "the VZ REAL Marks" does not create a likelihood that consumers and retailers will believe Plaintiff's goods are made by, licensed by, or somehow legitimately associated with Defendant; and

   iv. Plaintiff has not infringed any trademarks owned by Defendant; and

   v. Plaintiff's products are not likely to cause confusion, to cause mistake, or to deceive the consuming public; and

   vi. Plaintiff's has not committed trademark infringement or false designation of origin under the Lanham Act, nor violated state and common law prohibitions against unfair competition; and

   vii. Plaintiff has not traded on goodwill associated with Defendant's trademarks; and

   viii. Plaintiff has not caused any actionable damage to the Defendant; and

ix. Plaintiff has not engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Plaintiff's goods, or an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a); and

x. Plaintiff is not passing off its goods as those of Defendant, or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, or causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, or otherwise damaging the public; and

xi. Plaintiff is not subject to claims for injunctive relief and damages, including possible treble damages, as well as claims for Defendant's attorneys' fees; and

xii. Plaintiff need not immediately nor permanently cease any and all sale, distribution, or promotion of any products bearing "the VZ REAL Marks," as well as any other designation containing the term REAL (or phonetic equivalent)" (parenthetical from Defendant).

xiii. Plaintiff need not forward to Defendant for destruction any products and promotional material bearing "the VZ REAL Marks"; and

xiv. Plaintiff need not forbear from using or attempting to register VZ REAL or any designation containing the term REAL (or its phonetic

        equivalent) as or as part of a trademark, service mark, trade name, domain name, or social media page name; and

   xv.    Plaintiff has not engaged in unfair or deceptive trade practices as to the Defendant; and

   xvi.    Plaintiff has not engaged in unfair competition with the Defendant; and

   xvii.    Plaintiff's actions have not diluted Defendant's marks.

  b.    Cancellation of Defendant's trademark registration U. S. Reg. No. 4,035,297.

Respectfully submitted,

NEXSEN PRUET, LLC

December 18, 2014

*s/ Timothy D. St.Clair*
Timothy D. St. Clair (Fed. ID # 4270)
Sara C. Kanos (Fed. ID # 9978)
P. O. Drawer 10648
Greenville, South Carolina 29603
Telephone: (864) 282-1181
Facsimile: (864) 477-2634
E-Mail:  tstclair@nexsenpruet.com;
    skano@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF